**Peter GIAMARINO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. M–11–188.

United States District Court, S.D. New York.

Jan. 30, 1985.

---

### MEMORANDUM OPINION

SWEET, District Judge.

Peter Giamarino ("Giamarino") has brought this motion to quash a grand jury subpoena. The motion is granted in part and denied in part.

The facts surrounding this motion are undisputed. Giamarino was served with a subpoena on or about November 27, 1984. Giamarino, not a target of the grand jury investigation, stated that he would not testify without the benefit of immunity. Such immunity has not been conferred. Giamarino, on or about January 7, 1985, was told by an agent of the Federal Bureau of Investigation that he should present himself so that he could be fingerprinted and photographed. Giamarino was also told that he would be asked "pedigree" questions relating to his name, address, aliases, social security number, and occupation. Giamarino has moved to quash the subpoena, claiming that his Fifth Amendment privilege shields him from the necessity of providing the information sought by the government.

Counsel at oral argument narrowed the dispute: Giamarino conceded that he could be photographed and fingerprinted. This conclusion is necessitated by *In re Rosahn,*

671 F.2d 690 (2d Cir.1982). The Second Circuit there held:

> An individual called before a grand jury to submit to photographing and fingerprinting and to provide handwriting exemplars and hair samples has no right under the Fifth Amendment to refuse to comply with the request, nor need the government make any showing that the request is reasonable.

*Id.* at 694.

Counsel for the government also narrowed the scope of the proposed "pedigree" questions to either Giamarino's date of birth or his social security number. Giamarino maintains that he cannot be forced to respond to even these questions. I agree. The scope of Fifth Amendment privilege encompasses only that which is "testimonial." In *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), Justice Brennan explained:

> It is clear that the protection of the privilege reaches an accused's communications, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers.... On the other hand, both federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling "communications" or "testimony," but that compulsion which makes a suspect or accused the source of "real or physical evidence" does not violate it.

*Id.* at 763–64, 86 S.Ct. at 1832. *See Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

Although the government seeks responses only to one or two questions, the questions are in the form of direct oral testimony, entirely different from the physical and public attributes of a witness, such as hair samples, voice exemplars, and handwriting exemplars, which are beyond the protection of the Fifth Amendment. Giamarino's motion is therefore granted to the extent that he seeks protection from responding to "pedigree" questions and denied to the extent that he seeks protection from fingerprinting and photography.

IT IS SO ORDERED.